UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIRIAM ZULAY VARGAS SANTANDER,
      Plaintiff,

v.

FAST SERVICE COMMUNICATION INC., et al.,
      Defendants.

CIVIL NO. 98-2352 (DRD)

## ORDER SETTING INITIAL SCHEDULING AND CASE MANAGEMENT CONFERENCE

All named defendants have either made an appearance in this case or defaulted, thus triggering the Court's obligation under Fed. R. Civ. P. 16(b) to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action. See also Fed. R. Civ. P. 1; Fed. R. Evid. 102; Local Rule 311(14). In so doing, the Court advises litigants that the interplay of Rules 7, 11, 16, and 26 requires increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation. The Court, therefore, believes it appropriate to set-forth at the beginning of the case a number of ground rules by which it expects counsel to abide. These rules are meant to complement the requirements imposed by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

## I. RULES OF PRACTICE

**A. In General**

All documents filed in this case will be read as if they contained a warranty as to quality and content. Fed. R. Civ. P. 11. The filings must be prepared to the best of the lawyers' knowledge,

information, and belief, formed after reasonable inquiry. The Court shall not hesitate to impose sanctions for any violations of this rule, such as the filing of complaints not well-founded in fact or the denial of allegations when the veracity of such allegations is known to the defendants.

Moreover, the Court reminds the parties that Local Rule 311(11) requires attorneys to confer with each other prior to filing any motion or objection relating to discovery in a good-faith effort to eliminate the necessity of filing such motion or objection. It bears repeating that "[t]he Court shall not entertain any motion relating to discovery unless moving counsel shall first advise the Court, in writing, that" the requirements of Local Rule 311(11) had been met. That is to say, any discovery motion filed without the required statement **shall be summarily DENIED**, and other sanctions may be imposed.

As officers of the court, appearing attorneys are expected to conduct themselves in a cordial and professional manner when dealing with both the court and other counsel. In addition, counsel are expected to strictly adherence to the rules of professional responsibility adopted by this court. See Local Rule 211(4)(B). Counsel shall refrain from engaging in scandalous and/or personal accusations against other counsel or the court. Motions and other filings containing such attacks **shall be summarily STRICKEN from the record**. Moreover, the court shall not hesitate to consider further sanctions pursuant to Fed.R.Civ.P. 11 and Local Rule 211(4), in response to such conduct by attorneys.

**B. Discovery**

All counsel are expected to expedite discovery. The Court reminds the parties to heed the provisions of Local Rule 315 regarding the use of informative motions. Any motion filed in contravention of this rule **shall be summarily DENIED.** In addition, and unless otherwise

directed by the Court, the use of certain methods of discovery are limited to no more than: 25 interrogatories per party (including all discrete subparts; see Fed. R. Civ. P. 33(a)); 25 requests for admission per party; and 2 sets of requests for production per party.

## C. Motions Practice

### 1. Page Limit

No motion shall exceed twenty-five (25) typewritten pages, double-spaced. (excluding evidentiary exhibits, appendices, and addenda). Almost anything worth saying can be said in less than twenty-five pages. Any motion filed in violation of this maximum **shall be summarily DENIED,** albeit without prejudice of its being re-filed after proper pruning. On rare occasions, the Court will consider a request to file a motion exceeding twenty-five pages in length, but only when such request is made **prior to the filing** of the motion, and only for exceptionally good cause shown.

### 2. No Hybrid Motions to Dismiss and/or for Summary Judgment

The Court instructs the parties not to file any hybrid "Motions to Dismiss and/or for Summary Judgment." Motions to dismiss shall be filed separately from motions for summary judgment. The standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion for summary judgment requires only that the Court indulge in favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method. Furthermore, the requirements of Local Rule 311(12) (discussed below) apply only to motions for summary judgment. Hybrid motions only foster confusion and delay and if filed **shall be summarily DENIED.**

### 3. Motions for Summary Judgment - Special Requirement: Statements of Contested/Uncontested Facts

The Court reminds the parties that a party moving for summary judgment is **required** to file **as an annex** to the motion:

> "a separate, short, and concise **statement of the material facts** as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, **properly supported by specific reference to the record.**"

Local Rule 311(12) (emphasis added); see also Stepanischen v. Merchants Despatch Transportation Corp., 722 F 2d. 922 (1st Cir. 1983).  The Court will therefore **summarily DENY** any motion for summary judgment that fails to comply with *any* part of this rule. Similarly, a party opposing a motion for summary judgment is likewise required to file **as an annex** to the opposition motion:

> "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record."

Id. Opposing parties are also reminded that:

> "[a]ll material facts set forth in the statement required to be served by the moving party **shall be deemed to be admitted** unless controverted by the statement required to be served by the opposing party."

Id.(emphasis added).  Accordingly, if the opposing party fails to comply fully with the requirements of Local Rule 311(12), the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party.

### 4. Filing Procedures for Dispositive Motions

The Court has dispensed with special filing procedures for dispositive motions.  Henceforth, the filing of all dispositive motions shall follow the procedures contained in the District of Puerto

Page -4-

Rico's Local Rules. See Local Rule 311. The moving party is granted leave to file a reply to the nonmovant's opposition. Likewise, the nonmovant is granted leave to file a surreply. However, replies and surreplies are strongly discouraged by the Court and should only be filed if absolutely necessary.

The Court notes that the filing periods shall be computed pursuant to Fed. R. Civ. P. 6, including the provisions for additional time after service by mail. The periods established above may be reasonably extended (not to exceed ten days) by agreement between the parties. They may also be extended for good cause by order of the Court, but the Court encourages the parties to confer with each other in a good-faith effort to resolve such disagreements before filing motions for extension of time. Motions requesting extensions of time to perform discovery under Fed. R. Civ. P. 56(f) are to be addressed to, and are up to the discretion of, the Court under the standards set forth by the Court of Appeals. Ayala-Gerena, v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Resolution Trust Corp., v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 988-989 (1st Cir. 1988). Of course the granting of a motion for an extension of time pursuant to Fed. R. Civ. P. 56(f) is within the Court's discretion, however that discretion is not unbridled and must comport with certain parameters as follows:

> "The case at bar requires us to elaborate upon what may constitute substantial compliance in the vernacular of Rule 56(f). Our views may be summarized concisely. An opponent of a summary judgment motion need not follow the exact letter of Rule 56(f) in order to obtain its benefits. Nevertheless, he departs from the plain language of the rule at his peril. When a departure occurs, the alternative proffer must simulate the rule in important ways. It should be made in written form and in a timely manner (that is, served with the response to the motion or filed with the court at the earliest practicable date thereafter). In the extreme case, we can conceive of a circumstances in which a party opposing a dispositive motion may not realize until the initial round of oral argument that he requires additional discovery time. But, it is difficult to envision that a request first made after the conclusion of oral argument could be considered as seasonable. The statement must be made, if not by affidavit, then in

some authoritative manner--say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11--and filed with the court. Then, too, it should articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist which have not yet come in from the cold. There must also be shown some realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material. Last, the litigant must demonstrate good cause for failure to have conducted the discovery earlier.

These are the benchmarks, we think, by which attempts to invoke Rule 56(f), formally or informally, must be measured. We do not expect this test to be applied in a wooden fashion. There may well be deserving cases where the district court, in the exercise of sound discretion, will decide to excuse a failure to touch one or more of these bases, or where some idiosyncratic factor may assume overriding importance. Yet, we suggest that counsel desirous of forestalling the swing of the summary judgment axe would do well to heed the tenor and spirit of the criteria which we have mentioned."

Paterson-Leitch v. Massachusetts Elec., 840 F.2d at 988-989.

"This does not mean, however, that Rule 56(f) has no bite or that its prophylaxis extends to litigants who act lackadaisically; use of the rule not only requires meeting several benchmarks, see infra, but also requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter. In other words, Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights. See Paterson-Leitch, 840 F.2d at 989.

Having traced the anatomy of the rule, we next add some flesh to the bones. A litigant who desires to invoke Rule 56(f) must make a sufficient proffer. In all events, the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment. See id. at 988. When, as is often the case, the reason relates to incomplete discovery, the party's explanation must take a special form: it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. See id.

In the 'delayed discovery' type of case, then, the criterion for Rule 56(f) relief can be thought of as embodying five requirements: authoritativeness, timeliness, good cause, utility, and materiality. We have acknowledged that these requirements are not inflexible and that district courts are vested with considerable discretion in their administration. See id. at 989. In the exercise of that discretion, one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case. When all five requirements are satisfied, however, a strong presumption arises in favor of relief. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986) (stating that summary judgment will be forestalled if, and to the extent that, the nonmoving party 'has not had the opportunity to discover information that is essential to his opposition'). Unless the

movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be treated liberally. See 6 Moore's Federal Practice ¶ 56.24, at 797-800 (2d ed. 1993)."

Resolution Trust Corp., v. North Bridge Assocs., Inc., 22 F.3d at 1203.

### 5. Deadlines for Filing Dispositive Motions

Dispositive motions, whether to dismiss, for summary judgment, or for judgment on the pleadings, shall be filed within the deadlines established at the Initial Scheduling Conference (Minutes). Any filing deadline, as well as management or discovery related deadline, shall be firm, so that motions filed beyond the deadline without first obtaining leave of the Court to do so **shall be summarily DENIED** as untimely. Failure to comply with management and/or discovery related deadlines shall be appropriately sanctioned.[1]

---

[1] "[A] litigant who ignores a case-management deadline does so at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways. ... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders ... ." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)(Court need not consider Summary Judgment filed beyond deadline Id. at 315-16.). Violations of the Court's orders impedes its efficiency and merits sanctions. See generally Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996) ("Prejudice to the court is inherent in needless delays and postponements."); Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996) ("[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders."); Serrano-Pérez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (expert witness obtained beyond deadline excluded from case); Goldman, Antonetti v. Medfit Int'l, Inc., 982 F.2d 686 692 (1st Cir. 1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992)(disallowing amendment of complaint two months after deadline in court's scheduling order); Thibeault v. Square D Co., 960 F.2d 239, 247 n.7 (1st Cir. 1992) ("we heartily endorse the utilization of discovery closure dates ... as a case management tool"); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."); Spiller v. U.S.V. Lab., Inc., 842 F.2d 535 (1st Cir. 1988) (Dismissal due to failure to obey Court order to retain new counsel, *inter alia*); Corretjer Farinacci v. Picayo, 149 F.R.D. 435 (D. P.R. 1993) (disregard of judge's scheduling order and local rules of the district justifies sanctions).

## II. INITIAL SCHEDULING CONFERENCE MEMORANDUM

The Court reminds the parties that actions before the U.S. District Court for the District of Puerto Rico are exempted from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f). Instead, the parties are each **ORDERED** to file, **ten (10) days prior to the Initial Scheduling Conference, a memorandum** that:

    (a) discusses their factual and legal contentions;

    (b) sets forth proposed uncontested facts;

    (c) lists their witnesses (fact and expert) and summarizes the nature of their expected testimony;

    (d) lists their documentary evidence and summarizes the contents of such evidence; and

    (e) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which they wish to conduct.

The memoranda may also include any other matter deemed appropriate. Courtesy copies of the ISC memoranda must be delivered to the undersigned's chambers at least **ten (10) days before** the Initial Scheduling Conference. **Failure to do so will result in appropriate sanctions.**

## III. INITIAL SCHEDULING CONFERENCE

Counsel[2] are ordered to attend a scheduling conference in chambers not later than thirty days

---

[2] "The obligation to participate in the planning process is imposed on **all** parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not yet have filed an answer in the case." Fed. R. Civ. P. 26 (1993 Advisory Committee notes). The Court forewarns that if an attorney fails to appear, appears unprepared, or fails to participate in good faith in the scheduling conference, the Court, on motion or on its own initiative, may impose the sanctions established in Fed. R. Civ. P. 37(b)(2)(B), (C), and (D), up to and including the dismissal of the action (if the non-complying party is a plaintiff), or the entry of judgment by default (if the non-complying party is a defendant). The Court may also require the party whose attorney failed to comply with this order, the non-complying attorney, or both, to pay the expenses, including attorney's fees, incurred by the Court and by the other parties in preparing

from today; that is, on ~~September~~ _13_, _2000_, at _4:30_ am/~~pm~~ See generally Local Rule 314(1). **All outstanding pleadings or proposed amended pleadings shall be filed on or before that date.** Thus, the Court shall not permit the pleadings to be amended nor parties to be added beyond that date, save for good cause shown.

**A. Simplification of the Issues**

One objective of the conference scheduled herein is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case. Therefore, counsel attending are expected to be conversant enough with the facts and the law to enter into such agreements. Counsel should be ready to respond to such queries as the Court may deem appropriate, **and be prepared to discuss settlement.** As required by Rule 16(c), "[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed."

Correspondingly, at the Initial Scheduling Conference, Counsel shall:

a) Inform the Court of their factual and legal contentions. In particular, Counsel shall:

(i) Disclose all material and pertinent facts;
(ii) State their theories of the case, with citations to statutes and case law;[3] and
(iii) Enter into stipulations as to any facts or applicable law as to which there is no reasonable ground for dispute;

b) Bring forth evidence to show such facts;

---

for and attending the conference. See Local Rule 314(4); see also Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

[3] See Erff v. Markhon Indus., Inc., 781 F.2d 613, 617 (7th Cir. 1986); Rodríguez v. Ripley Indus., Inc., 507 F.2d 782, 786-87 (1st Cir. 1974); see also Ramírez-Pomales v. Becton Dickinson & Co., 839 F.2d 1, 3-6 (1st Cir. 1988).

AO 72
(Rev 8/82)

c) Assess any damages claimed;

d) Announce all documentary evidence;

e) Announce all witnesses, including experts; and

f) Inform the court whether they foresee any need to join additional parties, amend the complaint, require consolidation with other related cases, or file any other pretrial motions (such as motions to dismiss or for summary judgment). If any such filing is foreseen, the parties shall suggest specific dates for their filing.

**B. Settlement, Alternative Dispute Resolution, and Consent to Trial before a United States Magistrate Judge**

At the Initial Scheduling Conference, the Court expects Counsel to be prepared to discuss whether the dispute may be settled. In that regard, it would be helpful for Counsel to have discussed this matter with their clients prior to the date of the conference. The parties should be aware that alternative forms of dispute resolution are available, such as (binding) arbitration or (non-binding) mediation. The Court particularly encourages the utilization of mediation as a way to investigate possibilities for settlement. Should the parties opt for mediation, the Court has available local and/or continental experienced mediators/arbitrators. The case, however, must be sufficiently mature warranting alternate dispute resolution.

**The Court also reminds the parties that they may consent to trial before a United States Magistrate Judge.** 28 U.S.C.A. § 636(c)(2) (1993). This procedure could prove to be more expeditious and, therefore, less expensive than a trial before a District Judge. The parties are, of course, free to withhold consent. The parties are also advised, however, that the increase in the Court's criminal docket may impede a reasonably timely disposition of this case.

**C. Scheduling**

The Initial Scheduling Conference also serves the purposes of guiding and setting discovery procedures and scheduling this case for pretrial and trial. The attorneys who attend this

scheduling conference must be adequately prepared with the necessary materials on hand, i.e.: datebooks, etc., and fully authorized to suggest specific dates for the items to be scheduled. The Court does not guarantee that the dates suggested will be the ones used for the settings but will try to accommodate them if its calendar so allows and if the periods requested are reasonable.

All counsel should anticipate a pretrial and trial date from one hundred eighty (180) to two hundred seventy (270) days of the Initial Scheduling Conference. Once a trial date has been set with the concurrence of counsel, **no continuance will be granted except for exceptionally good cause shown.** In particular, a trial date will not be continued solely because counsel have agreed to recommend a settlement, but only if a settlement has been firmly bound.

## IV. INITIAL SCHEDULING ORDER

Following the Initial Scheduling Conference, the Court will issue an Initial Scheduling Order (Minutes of the Proceedings) which, among other matters, will set dates for the pretrial conference and the trial, as well as set deadlines for concluding discovery, filing dispositive motions, designating expert witnesses, filing the proposed pretrial order, and marking up the official exhibits. The parties are **on notice** as of the date of the Initial Scheduling Conference of the Court's orders issued during said conference. Thus, the parties will **not be excused** from compliance with an order of the Court on grounds that they received a copy of the Initial Scheduling Order after the date at issue has passed. All deadlines set-forth in the Initial Scheduling Order shall remain firm dates. The court shall not altered them, even by stipulation of the parties, except for when a clear showing of good cause is made.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31th day of July, 2000.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P:\FINALORD ERS\0-ISC1 NEW

AO 72
(Rev 8/82)